1    **MEHTANI LAW OFFICES, P.C.**
     AANAND MEHTANI (SBN 254556)
2    9171 Wilshire Blvd., Ste. 500
     Beverly Hills, California 90210
3    Telephone: (310) 776-3590
     Facsimile: (310) 776-3600
4    amehtani@mehtanilaw.com
5    Attorneys for Plaintiff
     Todd Smith
6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   TODD SMITH, an individual,              **[JURY TRIAL DEMANDED]**

             Plaintiff,
11                                           Case No.
                vs.
12                                           **COMPLAINT**

13   BALLARD MARINE
     CONSTRUCTION, LLC, a Delaware             1. **DISCRIMINATION IN
14   corporation; and DOES 1 through 10,          VIOLATION OF THE FAIR
     inclusive,                                   EMPLOYMENT & HOUSING
15                                                ACT ("FEHA"), GOV'T CODE
             Defendants.                          SECTIONS 12940,** *et seq.*
16
                                               2. **RETALIATION IN VIOLATION
17                                                OF FEHA**

18                                             3. **FAILURE TO PREVENT
                                                  VIOLATIONS OF FEHA**
19
                                               4. **FAILURE TO ACCOMMODATE
20                                                DISABILITY IN VIOLATION OF
                                                  FEHA**
21
                                               5. **FAILURE TO ENGAGE IN THE
22                                                INTERACTIVE PROCESS IN
                                                  VIOLATION OF FEHA**
23
                                               6. **WRONGFUL TERMINATION IN
24                                                VIOLATION OF PUBLIC
                                                  POLICY**
25

26                                           **[JURY TRIAL DEMANDED]**
27

28

─────────────────────────────────────────────

Plaintiff Todd Smith ("Plaintiff") hereby brings this Complaint against Ballard Marine Construction, LLC ("the Company") and Does 1 through 10 and alleges the following based on knowledge as to himself and his known acts, and on information and belief as to all other matters:

## I.

## PARTIES

1. At the relevant times mentioned herein, Plaintiff was a citizen of California. The unlawful conduct alleged herein occurred in Sacramento County.

2. At the relevant times mentioned herein, the Company was a Delaware corporation conducting business in Sacramento County, with its principal place of business in Florida.

3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of said Defendants when the same has been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the acts complained of herein. Unless otherwise stated, all references to named Defendants shall include DOE Defendants as well.

## II.

## JURISDICTION AND VENUE

4. Federal court jurisdiction exists pursuant to 28 U.S.C. Section 1332 because Plaintiff and Defendant are citizens of different states – California (Plaintiff) and Delaware and Florida (Defendant). Defendant is not a limited liability corporation.

5. Venue in this district is proper pursuant to 28 U.S.C. section 1391 because a substantial part of the events or omissions on which the claim is based occurred in the Eastern District of California.

//

### III.

### FACTUAL ALLEGATIONS

6.     Plaintiff started working for the Company on or around March 13, 2023 as a "talent acquisition" professional in the recruiting department.

7.     On or around October 9, 2023, Plaintiff requested an accommodation related to his disabilities – certain chronic mental health conditions that limit major life activities such as sleeping, eating, and working.  The accommodation he sought was a leave of absence for two weeks.  While Plaintiff did not specify his diagnosis, the certification he provided from his healthcare provider was clear that Plaintiff was in need of extended time off to deal with a health condition.

8.     Thereafter, on or around October 9, 2023, Shelly Wagemann, the Director of Human Resources, instructed Plaintiff to turn in his laptop and refrain from working during the time he was on leave.

9.     However, two days later, on or around October 11, 2023, Wagemann fired Plaintiff.  Plaintiff was told that he was being fired because his position was being eliminated because of a business decision that had been made on October 6, 2023.

10.    That did not make sense.  On or around October 8 and 9, 2023, Wagermann – who had delivered the termination paperwork – had sent Plaintiff three separate long and detailed email communications telling him that he had good potential and expressing a desire to train Plaintiff and work with him to reach that potential going forward.

11.    Thus, the notion that Plaintiff's fate vis-à-vis termination was already sealed as of October 9 when he asked for accommodations and when he received Wagermann's emails is dubious.

12.    Plaintiff was fired because Wagermann understood him to be asking for disability accommodations, and she did not want to work with someone who may have to be accommodated.

Mehtani Law Offices, P.C.

13.     Substantial motivating factors behind Plaintiff's termination were animus towards his disabilities and against him as an employee with disabilities as well as Plaintiff's requests for accommodations and the Company's failure to engage in the interactive process mandated by the California Fair Employment and Housing Act.

14.     The Company's conduct, as described in paragraphs 6-13 above, was performed or ratified by managing agents of the Company including, but not limited to, Wagermann and her superiors at the Company (collectively, the "Managing Agents"). The Managing Agents were each responsible for overseeing a substantial portion of the Company's business operations, and each exercised substantial discretionary authority over vital aspects of such operations including making significant decisions that affect the Company's internal policies.  The Managing Agents engaged in malicious, fraudulent, and oppressive conduct that justifies an award of punitive damages.

15.     In committing the foregoing acts as set forth above, the Managing Agents willfully disregarded Plaintiff's right to be free from unlawful discrimination.

16.     In committing the foregoing acts as set forth above, the Managing Agents acted despicably and subjected Plaintiff to cruel and unjust hardship in conscious disregard for his rights under California law.  The Managing Agents' conduct demonstrates a callous indifference for the law and Plaintiff's rights.

17.     In committing the foregoing acts as set forth above, the Managing Agents intended to cause emotional and financial injury to Plaintiff.  Specifically, the Managing Agents have engaged in a campaign of discrimination with the intent to cause Plaintiff severe emotional distress or at least without regard for the consequences on Plaintiff's career, livelihood, and emotional wellbeing.

//

Mehtani Law Offices, P.C.

## IV.

## FIRST CAUSE OF ACTION

### (Discrimination Based Upon Disability in Violation of FEHA)

### (On Behalf of Plaintiff Against All Defendants)

18.     Plaintiff realleges and incorporates by reference paragraphs 1-17, inclusive, of this Complaint as though fully set forth herein.

19.     As set forth more fully in paragraphs 6-13 above, Plaintiff was disabled while applying to work for Defendants.  Defendants were made aware of Plaintiff's disabilities.  Even if they were not, they perceived him to be disabled.

20.     The Fair Employment & Housing Act defines disability as set forth below. Notably, a mental health disorder that limits a major life activity is not the type of condition excluded under the act.

21.     "Disability" shall be broadly construed to mean and include any of the following definitions:

(1) "Mental disability," as defined at Government Code section 12926, includes, but is not limited to, having any mental or psychological disorder or condition that limits a major life activity. "Mental disability" includes, but is not limited to, emotional or mental illness, intellectual or cognitive disability (formerly referred to as "mental retardation"), organic brain syndrome, or specific learning disabilities, autism spectrum disorders, schizophrenia, and chronic or episodic conditions such as clinical depression, bipolar disorder, post-traumatic stress disorder, and obsessive compulsive disorder.

(2) "Physical disability," as defined at Government Code section 12926, includes, but is not limited to, having any anatomical loss, cosmetic disfigurement, physiological disease, disorder or condition that does both of the following:

(A) affects one or more of the following body systems: neurological; immunological; musculoskeletal; special sense organs; respiratory, including

speech organs; cardiovascular; reproductive; digestive; genitourinary; hemic and lymphatic; circulatory; skin; and endocrine; and

(B) limits a major life activity.

(C) "Disability" includes, but is not limited to, deafness, blindness, partially or completely missing limbs, mobility impairments requiring the use of a wheelchair, cerebral palsy, and chronic or episodic conditions such as HIV/AIDS, hepatitis, epilepsy, seizure disorder, diabetes, multiple sclerosis, and heart and circulatory disease.

(3) A "special education" disability is any other recognized health impairment or mental or psychological disorder not described in section 11065(d) of this article, that requires or has required in the past special education or related services. A special education disability may include a "specific learning disability," manifested by significant difficulties in the acquisition and use of listening, speaking, reading, writing, reasoning or mathematical abilities. A specific learning disability can include conditions such as perceptual disabilities, brain injury, minimal brain dysfunction, dyslexia and developmental aphasia. A special education disability does not include special education or related services unrelated to a health impairment or mental or psychological disorder, such as those for English language acquisition by persons whose first language was not English.

(4) A "record or history of disability" includes previously having, or being misclassified as having, a record or history of a mental or physical disability or special education health impairment of which the employer or other covered entity is aware.

(5) A "perceived disability" means being "regarded as," "perceived as" or "treated as" having a disability. Perceived disability includes:

(A) Being regarded or treated by the employer or other entity covered by this article as having, or having had, any mental or physical condition or adverse genetic information that makes achievement of a major life activity difficult; or

(B) Being subjected to an action prohibited by this article, including non-selection, demotion, termination, involuntary transfer or reassignment, or denial of any other term, condition, or privilege of employment, based on an actual or perceived physical or mental disease, disorder, or condition, or cosmetic disfigurement, anatomical loss, adverse genetic information or special education disability, or its symptom, such as taking medication, whether or not the perceived condition limits, or is perceived to limit, a major life activity.

(6) A "perceived potential disability" includes being regarded, perceived, or treated by the employer or other covered entity as having, or having had, a physical or mental disease, disorder, condition or cosmetic disfigurement, anatomical loss, adverse genetic information or special education disability that has no present disabling effect, but may become a mental or physical disability or special education disability.

(7) "Medical condition" is a term specifically defined at Government Code section 12926, to mean either:

(A) any cancer-related physical or mental health impairment from a diagnosis, record or history of cancer; or

(B) a "genetic characteristic," as defined at Government Code section 12926. "Genetic characteristics" means:

1. Any scientifically or medically identifiable gene or chromosome, or combination or alteration of a gene or chromosome, or any inherited characteristic that may derive from a person or the person's family member, and

2. That is known to be a cause of a disease or disorder in a person or the person's offspring, or that is associated with a statistically increased risk of development of

Mehtani Law Offices, P.C.

a disease or disorder, though presently not associated with any disease or disorder symptoms.

(8) A "Disability" is also any definition of "disability" used in the federal Americans with Disabilities Act of 1990 (ADA), and as amended by the ADA Amendments Act of 2008 and the regulations adopted pursuant thereto, that would result in broader protection of the civil rights of individuals with a mental or physical disability or medical condition than provided by the FEHA. If so, the broader ADA protections or coverage shall be deemed incorporated by reference into, and shall prevail over conflicting provisions of, the FEHA's definition of disability.

(9) "Disability" does not include:

(A) excluded conditions listed in the Government Code section 12926 definitions of mental and physical disability. These conditions are compulsive gambling, kleptomania, pyromania, or psychoactive substance use disorders resulting from the current unlawful use of controlled substances or other drugs, and "sexual behavior disorders," as defined at section 11065(q), of this article; or

**(B) conditions that are mild, which do not limit a major life activity, as determined on a case-by-case basis. These excluded conditions have little or no residual effects, such as the common cold; seasonal or common influenza; minor cuts, sprains, muscle aches, soreness, bruises, or abrasions; non-migraine headaches, and minor and non-chronic gastrointestinal disorders.**

2 C.C.R. § 11065 (emphasis added).

22.     Defendants discriminated against Plaintiff based on his disabilities through numerous illegal acts, including, without limitation, failing to hire Plaintiff. Defendants had animus towards Plaintiff and his actual or perceived disabilities, and towards Plaintiff as someone who would need to be accommodated as a result of his actual or perceived disabilities.

Mehtani Law Offices, P.C.

23.     As a proximate result of the conduct of Defendants, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

24.     The act of oppression, fraud, and/or malice were engaged in by employees and Managing Agents of Defendants.  Defendants had advance knowledge of the unfitness of each employee and/or agent who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice.  The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of Defendants, thereby entitling Plaintiff to punitive and exemplary damages against Defendants in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

25.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action.  Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

26.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

27.     Plaintiff has exhausted administrative remedies with the Department of Fair Employment & Housing.  A true and correct copy of his Right to Sue letter is attached hereto as **Exhibit A**.

//

Mehtani Law Offices, P.C.

# V.

## SECOND CAUSE OF ACTION

### (Retaliation in Violation of the FEHA)

### (On Behalf of Plaintiff Against All Defendants)

28.     Plaintiff realleges and incorporates by references paragraphs 1-27, inclusive, of this Complaint as though fully set forth herein.

29.     California Government Code section 12940(m)(2) makes it unlawful for an employer to "retaliate or otherwise discriminate against a person for requesting accommodation" for a "known physical or mental disability", "regardless of whether the request was granted." The Act also makes it unlawful to retaliate against an employee for complaining about a violation of the Act.

30.     As set forth above, Defendant retaliated against Plaintiff for asking for disability accommodations and/or for complaining about failure to accommodate disability. Specifically, Defendant terminated Plaintiff's employment.

31.     As a proximate result of the conduct of Defendants, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

32.     The act of oppression, fraud, and/or malice were engaged in by employees and Managing Agents of Defendants. Defendants had advance knowledge of the unfitness of each employee and/or agent who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of Defendants, thereby entitling Plaintiff to punitive and

exemplary damages against Defendants in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

33.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action.  Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

34.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## VI.

## THIRD CAUSE OF ACTION

### (Failure to Prevent Discrimination and Retaliation in Violation of FEHA)

### (On Behalf of Plaintiff Against All Defendants)

35.    Plaintiff realleges and incorporates by reference paragraphs 1-34, inclusive, of this Complaint as though fully set forth herein.

36.    California Government Code section 12940(k) makes it an unlawful employment practice for an employer to "fail to take all reasonable steps to prevent discrimination . . . from occurring."  This provision also makes it unlawful for an employer to fail to prevent retaliation and harassment.  *Id.*; See*, e.g., Ortiz v. Georgia Pacific* (E.D. Cal. 2013) 973 F.Supp.2d 1162, 1184 (citing *Taylor v. City of Los Angeles Dep't of Water & Power* (2006) 144 Cal.App.4th 1216, 1240).

37.    Defendants violated this provision by failing to prevent discrimination and retaliation against Plaintiff, including the acts set forth above, *i.e.*, terminating Plaintiff's employment because he (1) was or had been disabled and (2) asked for accommodation.

38.    As a proximate result of the conduct of Defendants, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression,

**Mehtani Law Offices, P.C.**

anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

39. FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

40. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## VII.

## FOURTH CAUSE OF ACTION

## Failure to Accommodate Disability in Violation of FEHA

## (On Behalf of Plaintiff Against All Defendants)

41. Plaintiff realleges and incorporates by reference paragraphs 1-40, inclusive, of this Complaint as though fully set forth herein.

42. California Government Code section 12940(m) makes it unlawful "[f]or an employer or other entity…to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."

43. Defendants knew Plaintiff had, and/or perceived Plaintiff as having, disabilities including as set forth above.

44. Plaintiff was able to perform the essential job duties of his position with reasonable accommodations for his disabilities, which disabilities limited major life activities.

45. Defendants failed to provide reasonable accommodations for Plaintiff's disabilities, including requisite time off from work to tend to his disabilities, whether intermittent or continuous.

46. As a proximate result of the conduct of Defendants, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other

pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

47. The act of oppression, fraud, and/or malice were engaged in by employees and Managing Agents of Defendants. Defendants had advance knowledge of the unfitness of each employee and/or agent who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of Defendants, thereby entitling Plaintiff to punitive and exemplary damages against Defendants in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

48. FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

49. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## VIII.

## FIFTH CAUSE OF ACTION

### (Failure to Engage in the Interactive Process in Violation of FEHA)

### (On Behalf of Plaintiff Against All Defendants)

50. Plaintiff realleges and incorporates by reference paragraphs 1-49, inclusive, of this Complaint as though fully set forth herein.

Mehtani Law Offices, P.C.

51. California Government Code section 12940(n) makes it unlawful "[f]or an employer or other entity covered by this part to fail to engage in a timely, good faith interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."

52. California Government Code section 12926.1(e) states "The Legislature affirms the importance of the interactive practice between the applicant or employee and the employer in determining a reasonable accommodation, as the requirement has been articulated by the Equal Employment Opportunity Commission in its interpretive guidance of the Americans with Disabilities Act."

53. At all times relevant to this complaint, Plaintiff was an employee of Defendants.

54. Defendants knew Plaintiff had, and/or perceived Plaintiff as having, disabilities including as set forth above.

55. Plaintiff was able to perform the essential job duties of his position with reasonable accommodations for his disabilities, which disabilities limited major life activities.

56. At all times material to this Complaint, Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential job requirements. Plaintiff tried on multiple occasions to engage Defendants in an interactive process.

57. Defendants, however, repeatedly failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodations could be made, denied Plaintiff reasonable accommodations, and terminated his employment.

58. As a proximate result of the conduct of Defendants, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other

Mehtani Law Offices, P.C.

pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

59. The act of oppression, fraud, and/or malice were engaged in by employees and Managing Agents of Defendants. Defendants had advance knowledge of the unfitness of each employee and/or agent who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of Defendants, thereby entitling Plaintiff to punitive and exemplary damages against Defendants in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

60. FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

61. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## IX.

### SIXTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

### (On Behalf of Plaintiff Against All Defendants)

62. Plaintiff realleges and incorporates by reference paragraphs 1-61, inclusive, of this Complaint as though fully set forth herein.

63.     As set forth above, Plaintiff's employment was terminated because of his disability and requests for accommodations therefor and for his complaints about failure to accommodate disability.

64.     Thus, Defendants terminated Plaintiff's employment in violation of important and well-established public policies, set forth in various state statutes and Constitutional provisions including but not limited to the Fair Employment & Housing Act and the California Constitution.

65.     As a proximate result of the conduct of Defendants, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

66.     The acts of oppression, fraud, and/or malice, were engaged in by Managing Agents employees of Defendants.  Defendants had advance knowledge of the unfitness of each employee who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice.  The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of each of the Defendant employers, thereby entitling Plaintiff to punitive and exemplary damages against each Defendant employer in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

67.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

Mehtani Law Offices, P.C.

# **PRAYER FOR RELIEF**

1.    For general damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

2.    For special damages, according to proof on each cause of action for which such damages are available.

3.    For compensatory damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

4.    For punitive damages, according to proof on each cause of action for which such damages are available.

5.    For declaratory and injunctive relief as appropriate.

6.    For prejudgment interest and post-judgment interest according to law.

7.    For reasonable attorneys' fees incurred in this action pursuant to California Labor Code section 1102.5 and FEHA.

8.    For costs of suit incurred in this action.

9.    For such other and further relief the Court deems proper and just.


Dated: December 27, 2023          **MEHTANI LAW OFFICES**

By: /s/ *Aanand Mehtani*
        AANAND MEHTANI

Attorneys for Plaintiff TODD SMITH

## DEMAND FOR JURY TRIAL

Plaintiff Todd Smith hereby demands a trial by jury on all causes of action alleged herein in the Complaint.

Dated: December 27, 2023          **MEHTANI LAW OFFICES**

By: /s/ *Aanand Mehtani*
          AANAND MEHTANI

Attorneys for Plaintiff TODD SMITH

Mehtani Law Offices, P.C.

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                     GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 26, 2023


Aanand Mehtani
Mehtani Law Offices, 9171 Wilshire Blvd., Ste. 500
Beverly Hills, CA 90210

RE:  **Notice to Complainant's Attorney**
     CRD Matter Number: 202312-23085927
     Right to Sue: Smith / Ballard Marine Construction, LLC (and all affliates)

Dear Aanand Mehtani:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 26, 2023

RE: **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202312-23085927
Right to Sue: Smith / Ballard Marine Construction, LLC (and all affliates)

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 26, 2023

Todd Smith
,

RE:  **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202312-23085927
Right to Sue: Smith / Ballard Marine Construction, LLC (and all affliates)

Dear Todd Smith:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective December 26, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Todd Smith

CRD No. 202312-23085927

Complainant,

vs.

Ballard Marine Construction, LLC (and all affliates)

,

Respondents

---

**1.** Respondent **Ballard Marine Construction, LLC (and all affliates)** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Todd Smith**, resides in the City of **,** State of **.**

**3.** Complainant alleges that on or about **December 26, 2023**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's genetic information or characteristic, medical condition (cancer or genetic characteristic), other, disability (physical, intellectual/developmental, mental health/psychiatric) and as a result of the discrimination was terminated, reprimanded, asked impermissible non-job-related questions, denied any employment benefit or privilege, other, denied work opportunities or assignments, denied accommodation for a disability, denied employer paid health care while on family care and medical leave (cfra), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint, requested or used family care and medical leave (cfra) related to serious health condition of employee or family

-1-

*Complaint – CRD No. 202312-23085927*

Date Filed: December 26, 2023

member, child bonding, or military exigencies and as a result was terminated, reprimanded, suspended, asked impermissible non-job-related questions, denied any employment benefit or privilege, other, denied work opportunities or assignments, denied accommodation for a disability, denied employer paid health care while on family care and medical leave (cfra), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Additional Complaint Details:**

*Complaint – CRD No. 202312-23085927*

Date Filed: December 26, 2023

CRD-ENF 80 RS (Revised 12/22)

1  VERIFICATION

2  I, **Aanand Mehtani**, am the **Attorney** in the above-entitled complaint. I have read the
3  foregoing complaint and know the contents thereof. The matters alleged are based
   on information and belief, which I believe to be true.

4  On December 26, 2023, I declare under penalty of perjury under the laws of the State
5  of California that the foregoing is true and correct.

6                                                                    **Studio City**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                    -3-
                      *Complaint – CRD No. 202312-23085927*
27
   Date Filed: December 26, 2023
28